**UNITED STATES of America Plaintiff–Appellee,**

v.

**Ken Roy BACKAS a/k/a James Smith, Defendant–Appellant.**

**No. 89–6109.**

United States Court of Appeals, Tenth Circuit.

April 27, 1990.

William P. Earley, Asst. Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

James F. Robinson, Asst. U.S. Atty. for the W.D. Okl., Oklahoma City, Okl. (Timothy D. Leonard, U.S. Atty. for the W.D. Okl., with him on the brief), for plaintiff-appellee.

Before McKAY, SEYMOUR and MOORE, Circuit Judges.

McKAY, Circuit Judge.

This appeal challenges only the sentence imposed after a plea of guilty to drug distribution charges. After evidentiary hearing, the court concluded that defendant was at "least a supervisor or a manager" and imposed a corresponding enhancement factor pursuant to United States Sentencing Commission, *Guidelines Manual*, § 3B1.1(c) (Nov.1989) (*"Guidelines"*). Record, vol. 3, at 27. Defendant makes a three-fold attack on the application of section 3B1.1(c) in determining his sentence.

 Defendant first challenges the sufficiency of the evidence. Because that issue is primarily factual, we apply a clearly erroneous standard. *See* 18 U.S.C. § 3742(e) (1988); *United States v. Roberts*, 898 F.2d 1465, 1468 (10th Cir.1990). After a careful review of the record, we conclude that the evidence, to which no objection was made, was sufficient to establish the following: (1) that defendant regularly sold drugs from a particular house, (2) that another person named Johnson was in effect defendant's doorman who let customers in and screened them, and (3) that Mr. Johnson was paid for his activities. Thus, the court could have concluded by a preponderance of the evidence that defendant had power of direction or supervision over Mr. Johnson. Accordingly, we conclude that the trial court was not clearly errone-

ous in its finding by preponderance of evidence that defendant was a "supervisor."

Defendant's second challenge is to the conclusion that his activities legally qualify him as a supervisor as defined in the *Guidelines*. Because this issue is primarily legal, we review the district court under a *de novo* standard. *See Roberts*, 898 F.2d at 1468–69; *Supre v. Ricketts*, 792 F.2d 958, 961 (10th Cir.1986). We hold that the trial court correctly applied section 3B1.1(c). That subsection provides: "(c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b) [applicable to criminal activities involving five or more participants], increase by two levels." Properly applied, we conclude that section 3B1.1(c) and the term "supervisor" are satisfied upon a showing that the defendant exercised any degree of direction or control over someone subordinate to him in the distribution scheme. Although Mr. Johnson's role as a doorman was trivial, it nevertheless satisfied the requirements for defining the defendant as his "supervisor." Section 3B1.1(c) was designed to add additional points for levels of supervision lower than top and middle managers, which are referred to in the *Guidelines* as "organizers," "leaders," and "managers." *See generally Guidelines*, § 3B1.1. Extra points for higher level managers are provided for in subsections (a) and (b). *See id.* § 3B1.1 (a) and (b). In order to be a supervisor, one needs merely to give some form of direction or supervision to someone subordinate in the criminal activity for which the sentence is given. We note, however, that the court's inclusion of the customers along with Mr. Johnson as possible supervised persons is erroneous. Nevertheless, the sentence can stand based on defendant's supervision of Mr. Johnson. We conclude that the court's inclusion of the customers was harmless.

Finally, defendant argues that the language of section 3B1.1(c) is unconstitutionally vague. A standard is only unconstitutionally vague if it is not "sufficiently explicit to inform those who are subject to it what conduct on their part will render

them liable to its penalties." *Connally v. General Const. Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926); *see also Coates v. City of Cincinnati*, 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214 (1971); *United States v. Roberts*, 898 F.2d 1465, 1467–68 (10th Cir.1990). Thus, a standard fails if people of common intelligence must necessarily guess at its meaning. *See Connally*, 269 U.S. at 391, 46 S.Ct. at 127. We conclude that terms such as organizer, leader, manager, or supervisor are terms that have well-accepted, ordinary meanings and that the court's application of those terms to the facts of this case was within the scope of their ordinary meanings. We find no vagueness in the terms that renders them violative of defendant's due process rights.

We reject all of defendant's challenges to his sentence, and we AFFIRM the judgment and sentence of the trial court.