UNITED STATES of America,
Plaintiff–Appellee,

v.

Jorge Luis OLIVA–GAMBINI,
Defendant–Appellant.

No. 89–1312.

United States Court of Appeals,
Tenth Circuit.

July 24, 1990.

Michael G. Katz, Federal Public Defender and Janine Yunker, Asst. Federal Public Defender, Denver, Colo., for defendant-appellant.

Michael J. Norton, Acting U.S. Atty., and Kathryn Meyer and David M. Gaouette, Asst. U.S. Attys., Denver, Colo., for plaintiff-appellee.

Before SEYMOUR and ANDERSON, Circuit Judges and COOK *, District Judge.

SEYMOUR, Circuit Judge.

Defendant Jorge Oliva–Gambini pled guilty to three counts of distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (1988). In sentencing Oliva–Gambini, the district court allowed a two-point reduction for acceptance of responsibility, but refused to give another two-point reduction for minor-participant-in-the-offense status. Oliva–Gambini appeals the denial of minor-participant status, and we affirm.

The parties stipulated below to the relevant facts. On February 3, 1988, Oliva–Gambini sold 32.5 grams of cocaine to an undercover agent; on February 29, 1988, he sold 28 grams to the same agent; and on July 26, 1988, he sold 33 more grams of cocaine to this agent. Surveillance conducted prior to the three sales revealed "that although Mr. Oliva–Gambini supplied the cocaine to the agent, he was not the source of the cocaine and *was less culpable than other individuals involved.*" Rec., vol. I, doc. 2, at 2 (emphasis added).

At Oliva–Gambini's sentencing hearing, he argued that he should be given a two-point reduction for his minor participation in the offense. The Sentencing Guidelines provide a two-point reduction "[i]f the defendant was a minor participant in any criminal activity." United States Sentencing Commission, *Guidelines Manual* (here-

---

* Honorable H. Dale Cook, Chief Judge, Northern District of Oklahoma, and United States District Judge, Eastern and Western Districts of Oklahoma, sitting by designation.

inafter Guidelines) § 3B1.2(b) (Nov.1989). The Commentary to the Guidelines explains that "a minor participant means any participant who is *less culpable than most other participants*, but whose role could not be described as minimal." Guidelines § 3B1.2, comment (n. 3) (emphasis added). The Commentary adds that this section was designed to provide "a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." *Id.* (background).

Oliva–Gambini argues that the parties' stipulation that "he was not the source of the cocaine and was less culpable than other individuals involved," rec., vol. I, doc. 2, at 2, warrants the minor-participant finding. The district court did not initially address this argument, however. Instead, the court stated that "this minor role in the offense ... is not applicable to this crime.... [W]hen it comes to the drug traffic trade, I don't see any minor role. Even users don't have a minor role. It takes everybody's participation to make it happen." Rec., vol. II, at 11.

We must "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e) (1988). This due deference standard requires that where a mixed question of law and fact is essentially factual, judicial administration concerns will favor the district court, and so we will review the district court's determination under the clearly erroneous standard. *See United States v. Roberts*, 898 F.2d 1465, 1468–69 (10th Cir.1990). However, where the question requires that we consider legal concepts in the mix of fact and law, and that we exercise judgment about the values that animate legal principles, then judicial administration concerns require that we review the question de novo. *See id.* at 1469. The question here is whether the minor-role provision of the Sentencing Guidelines applies at all to drug offenses. This issue necessitates an analysis of legal concepts, and so we consider it de novo.

■ Although it is true that it takes "everybody's participation" to make a drug deal happen, the Sentencing Guidelines clearly envision that the categories of "minimal participant" and "minor participant" will be applied to those involved in drug trafficking. The Commentary to section 3B1.2, for example, specifically refers to participants in the drug trade.[1] The district court therefore erred when it concluded that one convicted of distribution of cocaine could not be a minor participant within the meaning of the Guidelines.

■ After stating its view regarding minor participants and the drug trade, however, the district court alternatively found that "hand-to-hand sales, three of them, in my judgment, the Defendant having admitted that conduct is not entitled to any reduction for a minor role in the offense." Rec., vol. II, at 11–12. We review this determination under the clearly erroneous standard, since this question is essentially a factual one. *See Roberts*, 898 F.2d at 1468–69; *see also United States v. Backas*, 901 F.2d 1528, 1529 (10th Cir.1990) ("primarily factual" application of guidelines subject to clearly erroneous standard of review).

As we have held, "[t]he government shall bear the burden of proof for sentence increases and the defendant shall bear the burden of proof for sentence decreases." *United States v. Kirk*, 894 F.2d 1162, 1164 (10th Cir.1990). Oliva–Gambini has presented us with no evidence to support his argument for a minor participant sentence decrease. He did not designate the Presentence Report as part of the record, and we have only the stipulated statement that he was not the source for the cocaine and was less culpable than other individuals involved. As the Government points out, Oliva–Gambini was the person who made contact with the undercover agent,

---

1. The Application Notes state that "[i]t is intended that the downward adjustment for a minimal participant ... would be appropriate ... for someone who played no other role in a very large drug smuggling operation than to offload part of a single marijuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." Guidelines § 3B1.2, comment. (n. 2).

accepted the money, and provided the agent with the cocaine. These facts in no way suggest that Oliva–Gambini was less culpable than *most other participants,* or that he was substantially less culpable than the average participant in the distribution of cocaine.

Because there are no facts suggesting that the district court was clearly erroneous in determining that Oliva–Gambini was not a minor participant, we affirm the judgment of the district court.