930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James E. LOCKHART, Defendant-Appellant.
 No. 89-6372.
 United States Court of Appeals, Tenth Circuit.
 Feb. 28, 1991.
 
 Before McKAY and JOHN P. MOORE, Circuit Judges, and SAFFELS,* District Judge.
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Mr. James E. Lockhart was convicted by a jury on a one count charge of conspiracy to distribute cocaine under 21 U.S.C. Secs. 841(a)(1) and 846. At trial, three couriers involved in the conspiracy implicated Mr. Lockhart in arranging for the transportation of cocaine to Oklahoma from California and for occasionally paying for shipments of cocaine. Mr. Lockhart was subsequently sentenced to 262 months, which included an enhancement for acting as a "supervisor" of the conspiracy. He now argues that: (1) evidence of other conspirators' drug activity after February 9, 1989, was improperly admitted because he had withdrawn from the conspiracy as of that date, (2) the trial judge erred in allowing demonstrative evidence of exactly how the cocaine was transported, and (3) the trial judge erred in finding that Mr. Lockhart was a "supervisor" of the conspiracy under the Sentencing Guidelines Sec. 3B1.1. We affirm the district court on all grounds.
 
 
 2
 I. Introduction of Post-February 9, 1989 Evidence of Drug Trafficking
 
 
 3
 Mr. Lockhart argues that "substantial evidence was introduced during the trial that indicated the defendant left the scene of any alleged criminal conduct by February 9, 1989," and that the trial judge recognized this by excluding consideration of drug transactions occurring after February 9, 1989, during the sentencing hearing.
 
 
 4
 Assuming for the moment that Mr. Lockhart is correct in asserting that he left "the scene of any alleged criminal conduct" by February 9, 1989 (an assertion that was controverted by two government witnesses), he has still not met his burden of demonstrating withdrawal from the conspiracy. Under United States v. Parnell, 581 F.2d 1374, 1384 (10th Cir.1978), cert. denied, 439 U.S. 1076 (1979), "[t]he burden of establishing withdrawal is on the defendant," who must show that he or she took "affirmative action, either making a clean breast to the authorities or communicating his withdrawal in a manner reasonably calculated to reach co-conspirators...." (citations omitted). Citing Parnell, we noted in United States v. Record, 873 F.2d 1363, 1369 (10th Cir.1989), that "mere cessation of activities alone is not enough" to show withdrawal from a conspiracy. See also United States v. Brewer, 630 F.2d 795, 800 (10th Cir.1980).
 
 
 5
 Therefore, even leaving aside evidence of his presence in Oklahoma after February 9, 1989, Mr. Lockhart has failed to meet his burden of showing affirmative withdrawal and has argued nothing more than "mere cessation of activity." The trial judge, therefore, did not err in allowing the jury to consider the withdrawal question.
 
 
 6
 The trial judge's decision to exclude post-February 9, 1989 evidence for sentencing purposes does not amount to a finding of withdrawal from the conspiracy as of February 9. The judge could have made this decision for a number of reasons that fall within his discretion in the sentencing process.
 
 II. Use of Demonstrative Evidence
 
 7
 Mr. Lockhart argues that the trial judge clearly abused his discretion in allowing the government witness to demonstrate exactly how she transported the cocaine on her body. He cites no authority, but claims that the probative value of this evidence was substantially outweighed by the danger of unfair prejudice under Fed.R.Evid. 403.
 
 
 8
 The government argues that the evidence of the couriers' technique was both relevant and probative because government witnesses had previously testified how the cocaine was transported. Regardless, the government claims, introduction of this evidence was far less prejudicial than other kinds of evidence routinely admitted by courts.
 
 
 9
 While this evidence, like most admitted against defendants in criminal cases, might have prejudiced Mr. Lockhart, it was not improper. Indeed, it was probative of several issues in dispute, such as how much cocaine could be carried in this fashion and whether a conspiracy existed at all, as shown by the established regimen or technique of transportation. Even if we were to find that the introduction of this evidence violated Rule 403, which we do not, the error was certainly harmless because the manner in which the couriers carried the drugs is insignificant compared to the fact that they had been carrying drugs at all in a transaction involving Mr. Lockhart.
 
 
 10
 III. Upward Adjustment in Sentence for Being a Supervisor
 
 
 11
 Mr. Lockhart argues that it was clear error for the district court to have found that he was a supervisor of the conspiracy for the purposes of the Sentencing Guidelines Sec. 3B1.1. He further claims that even the testimony of the government witnesses shows that he was a minor player in the conspiracy and that two of the other co-conspirators were the real leaders.
 
 
 12
 A reviewing court must defer to the trial court's factual finding of the defendant's role in the offense unless clearly erroneous. United States v. Williams, 897 F.2d 1034, 1040 (10th Cir.1990).
 
 
 13
 The Sentencing Guidelines Sec. 3B1.1 defines the role of defendants and provides for adjustments in sentencing based on participation. Section 3B1.1(b) states:
 
 
 14
 If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
 
 
 15
 Note 3 of the commentary to Sec. 3B1.1 states that a sentencing court should consider factors, among others, such as the exercise of decision-making authority, the amount of participation in planning and execution of the offense, the recruitment of accomplices, and the degree of control exercised over others, in determining whether a defendant is a supervisor. This court has recently held that a defendant can be found to be a supervisor if he or she exercised some degree of control over a subordinate. United States v. Backas, 901 F.2d 1528, 1530 (10th Cir.), cert. denied, 111 S.Ct. 190 (1990). Here, the trial judge specifically found that Mr. Lockhart had sent several couriers to California, that he accepted and paid for the drugs brought back by the couriers, and was described by one witness as being a partner of the same co-conspirators that Mr. Lockhart himself describes as the leaders of the conspiracy. Considering this evidence, the trial judge did not err in finding that Mr. Lockhart was a supervisor under Sec. 3B1.1.
 
 
 16
 Accordingly, the trial court is AFFIRMED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3