931 F.2d 63
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose GUZMAN, Defendant-Appellant.
 No. 90-2210.
 United States Court of Appeals, Tenth Circuit.
 April 17, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Jose Guzman plead guilty to the charge of conspiracy to distribute less than fifty kilograms of marijuana. The district court sentenced him to thirty-three months, finding him to have acted as a supervisor under Sec. 3B1.1(c) of the United States Sentencing Guidelines. Mr. Guzman appeals from this sentence, arguing that he should not have been sentenced as a supervisor.[1] We affirm.
 
 
 3
 Whether Mr. Guzman qualifies in the present circumstances as a supervisor is a factual determination which will be upheld unless clearly erroneous. United States v. Moore, 919 F.2d 1471, 1477 (10th Cir.1990). The district court based its determination on facts contained in the presentence report detailing Mr. Guzman's orchestration of the drug transaction in question. Specifically, the presentence report is based upon information provided by James Aiello, an undisputed associate of Mr. Guzman in the conspiracy. The only question raised by Mr. Guzman concerns his relationship with Mr. Aiello.
 
 
 4
 Mr. Aiello was arrested when state police received information that he was carrying marijuana. He immediately chose to cooperate with the police in the apprehension of the other members of the conspiracy. Mr. Aiello told the officers when he was arrested that he was following the directions of Mr. Guzman to pick up the shipment of marijuana in Raton, New Mexico, and transport it to Santa Fe, where he would deliver it to someone else. Mr. Aiello stated that when no one contacted him in Santa Fe to accept delivery of the marijuana, Mr. Guzman directed him to go back to Raton and to call a certain telephone number to make the transfer of the marijuana. The police accompanied Mr. Aiello to Raton where they arrested Marcelo Arambula-Avelar, who arrived at the designated meeting place to receive the marijuana from Mr. Aiello.
 
 
 5
 Mr. Guzman claims that Mr. Aiello's version of their relationship is false. He argues that Mr. Aiello was the true supervisor of the conspiracy, and that Mr. Aiello had hired him merely as an interpreter to assist him in his dealings with his Mexican suppliers. Mr. Guzman claims that Mr. Aiello's statement is unreliable because it is "triple hearsay" and self-serving.
 
 
 6
 We emphasized in United States v. Beaulieu, 893 F.2d 1177, 1179 (10th Cir.), cert. denied, 110 S.Ct. 3302 (1990), that a district judge is not bound by the rules of evidence regarding the information he may consider in sentencing. We held in Beaulieu that a sentencing judge may consider relevant hearsay evidence. Id. In United States v. Backas, 901 F.2d 1528, 1530 (10th Cir.) cert. denied, 111 S.Ct. 190 (1990), we also held that "section 3B1.1(c) and the term 'supervisor' are satisfied upon a showing that the defendant exercised any degree of direction or control over someone subordinate to him in the distribution scheme." Mr. Guzman presents no evidence other than his own written statement contained in the presentence report that he was merely an interpreter and not the supervisor of this conspiracy. In sentencing Mr. Guzman, the district court simply adopted as the more credible Mr. Aiello's version of his relationship with Mr. Guzman. We find no reason to believe that the district court clearly erred in reaching this conclusion.
 
 
 7
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Mr. Guzman also claims in the "Statement of Issues" section of his brief that the district court improperly sentenced him at the upper level of the guideline range. Mr. Guzman fails to present any argument on this point. Therefore, we deem it abandoned