52 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James David THORNBRUGH, Defendant-Appellant.
 No. 94-5118
(D.C. No. 89-CR-67-B)
 United States Court of Appeals, Tenth Circuit.
 April 12, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 On August 1, 1994, Defendant-Appellant James David Thornbrugh ("Thornbrugh") filed a motion to dismiss his appellate counsel, which was denied by an order of this court on September 20, 1994. We have construed Thornbrugh's subsequent correspondence of October 13, 1994, as a motion to reconsider that order. Because the October 13th correspondence was not filed within the fourteen day period required by Fed. R.App. P. 40(a), we deny the motion and proceed to address the arguments timely raised by Thornbrugh's counsel.
 
 
 3
 This case is before us on a direct criminal appeal after a second remand for resentencing. Thornbrugh was convicted of three bank robberies in violation of 18 U.S.C. 2113(a), and three counts of possessing a firearm during a crime of violence in violation of 18 U.S.C. 924(c). In the resentencing from which Thornbrugh now appeals, the district court increased Thornbrugh's base offense level for each robbery conviction by two levels pursuant to Section 3B1.1(c) of the United States Sentencing Guidelines ("U.S.S.G."). Section 3B1.1(c) provides for a two-level increase if the defendant was "an organizer, leader, manager, or supervisor" of the offense of conviction. Thornbrugh challenges the application of this enhancement as unsupported by the evidence.
 
 
 4
 We review the district court's finding that a defendant was an organizer, leader, manager, or supervisor for purposes of a 3B1.1(c) enhancement under the clearly erroneous standard. United States v. Backas, 901 F.2d 1528, 1529 (10th Cir.), cert. denied, 498 U.S. 870 (1990). In determining whether a defendant was an "organizer" or "leader," courts consider the following factors:
 
 
 5
 the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.z
 
 
 6
 U.S.S.G. 3B1.1 application note 3 (at application note 4 in amended version). To be considered a "supervisor," a defendant "needs merely to give some form of direction or supervision to someone subordinate in the criminal activity for which the sentence is given." Backas, 901 F.2d at 1530.
 
 
 7
 Based on this criteria, the district court found that Thornbrugh acted as an organizer, leader, manager, or supervisor of the three bank robberies with respect to his accomplice, Gary Lynn Sewell ("Sewell"). To support this conclusion, the district court adopted, over Thornbrugh's objection, the findings in the presentence report that Thornbrugh had instigated the robberies, selected the banks to be robbed, instructed Sewell on the acquisition of the automobiles to be used, decided the placement of the getaway cars, and determined the individual roles to be performed during the robberies. These findings are supported by Sewell's testimony at trial. R.O.A. Vol. IV at 356-77, Vol. V at 442-43. Sewell explained that he was an employee of Thornbrugh's construction company when Thornbrugh approached him about performing the bank robberies. R.O.A. Vol. IV at 354, 357. In addition to the facts specifically noted in the presentence report, Sewell also testified that Thornbrugh had supplied the firearms used in committing the offenses, and that Thornbrugh had given the orders during the robberies while Sewell stood guard at door. Id. at 357-59, 365-66, 371-73, 387-88. Thornbrugh had also retained over three-fourths of the total robbery proceeds. See id. at 362, 369, 375, 381.
 
 
 8
 Under the standards set forth above, we find that this evidence provides ample support for the district court's finding that Thornbrugh exercised the requisite control to be considered an organizer, leader, manager, or supervisor. See United States v. Johnson, 911 F.2d 403, 407 (10th Cir.1990) (holding that evidence that defendant recruited an accomplice to commit theft, exercised decision making authority during the crime, and had control over the stolen goods was "ample evidence" to support application of 3B1.1(c)), cert. denied, 498 U.S. 1103 (1991). Thus, the district court's finding is not clearly erroneous and, accordingly, we AFFIRM the application of U.S.S.G. 3B1.1(c) to Thornbrugh's three robbery counts.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470