**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 30 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GARRY WAYNE HAYS,

Defendant-Appellant.

No. 97-6048
(W. District of Oklahoma)
(D.C. No. 96-CR-109)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **PORFILIO**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Appellant Garry Wayne Hays pleaded guilty in the United States District Court for the Western District of Oklahoma to transportation of stolen vehicles in

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

interstate commerce in violation of 18 U.S.C. §§ 2, 2312. Hays was sentenced to 35 months imprisonment and three-years of supervised release, and was assessed a $ 3,000.00 punitive fine and a $ 7,030.80 fine to cover the costs of supervision. Hays' sentence included an enhancement under § 3B1.1(c) of the United States Sentencing Guidelines pursuant to the district court's finding that Hays exercised a leadership role in the crimes.

Hays presents two issues for appeal: (1) whether the district court erred by concluding Hays exercised a leadership role in the crimes and by enhancing his guideline sentence two levels accordingly; and (2) whether the district court erred by imposing a fine to cover the costs of supervision, in light of Hays' financial circumstances. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

## I. FACTUAL BACKGROUND

During the summer of 1995, Hays was involved in the transportation of a stolen John Deere tractor from Oklahoma to Kansas. Hays was arrested and, when in custody, cooperated with the Federal Bureau of Investigations ("FBI") by identifying other individuals who were involved with him in the theft and sale of numerous pieces farm equipment, including a man named Russell Cormack. Cormack was subsequently arrested and indicated that he had assisted Hays by

driving him to various locations, and that he received gas money and $ 173.00 from Hays for this assistance. Hays made approximately $ 10,000 from the thefts. The FBI special agent who investigated the farm equipment thefts indicated that Hays was accompanied by only one of his associates in each theft. Hays would pick up and drive the farm equipment to the sale location in Kansas, and the associate would follow Hays in an automobile, or vice versa. The purchasers of the stolen equipment indicated that they dealt with Hays and did not know any of Hays' associates. On one occasion, when Cormack went with Hays to a bar where Hays was going to negotiate a sale, Cormack was told to stay in the car.

## II. LEADERSHIP ROLE ENHANCEMENT

Section 3B1.1 provides,

Based on the defendant's role in the offense, increase the offense level as follows:

> (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

> (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.

> (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

Enhancement under subsection (c) is appropriate "upon a showing that the defendant exercised any degree of direction or control over someone subordinate to him in the distribution scheme." *United States v. Backas*, 901 F.2d 1528, 1529 (10th Cir. 1990). This court has clarified further,

> Among the factors which a court may consider are the defendant's exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a large share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity and the degree of control and authority exercised over others.

*United States v. Hanif*, 1 F.3d 998, 1004 (10th Cir. 1993).

As justification for the two-level enhancement of Hays' sentence pursuant to subsection (c), the district court stated,

> I find that [Hays] did, in fact, exercise leadership in this organization and had the organizational authority in this case. He did all of the negotiation of the various sales. He ran the organization. He identified, at least to one, Russell Cormack, the property to be stolen.
> I find that the various individuals . . . all assisted Mr. Hays. I further find that [Hays] received the lion's share of the profit from this organization, that amount being some $ 10,000, while at least one other participant in that organization, Russell Cormack, received very minimal or nominal amounts.

Tr. at 17-18. Hays does not challenge the district court's factual findings, but argues that they do not support the district court's conclusion that he exercised a supervisory role among the various participants in the criminal activity. The

conclusion that a defendant exercised a supervisory role in the criminal activity is reviewed *de novo*. *United States v. Albers*, 93 F.3d 1469, 1487 (10th Cir. 1996).

We agree with the district court's assessment of Hays' leadership role based upon the undisputed factual findings. The criminal activity involved several individuals, yet Hays exclusively conducted the negotiation with buyers. Hays kept most of the proceeds and paid only a minimal amount in exchange for his assistant's services. The appellee further points out the following evidence adduced in the sentencing hearing: Hays told the FBI that the other individuals assisted him; Hays participated in each theft and was accompanied by only one other individuals each time, while none of the other individuals ever committed a theft without Hays; Cormack was told by Hays what to do and where to go. Based upon these factual circumstances, we conclude that the district court correctly determined Hays played a leadership role under § 3B1.1(c). The two-level enhancement was appropriate.

### III.  FINE TO COVER THE COSTS OF SUPERVISION

Section § 5E1.2(I) of the Sentencing Guidelines provides, "[S]ubject to the provisions of subsection (f) herein, the court shall impose [a] . . . fine that is at least sufficient to pay the costs to the government of any . . . supervised release ordered." Subsection (f) reads,

> If the defendant establishes that (1) he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the preceding provisions, or (2) imposition of a fine would unduly burden the defendant's dependents, the court may impose a lesser fine or waive the fine.

Subsection (f) places the burden upon the defendant of establishing that he or she is unable to pay a fine. *See United States v. Klein*, 93 F.3d 698, 705 (10th Cir. 1996). Hays failed to establish his inability to pay the punitive fine.

We review the court's imposition of a fine under an abuse of discretion standard. *See United States v. Meuli*, 8 F.3d 1481, 1487 (10th Cir. 1993). While the Presentencing Report reveals that Hays has no assets, owes child support, and has outstanding debts to a former spouse and the federal government, it also reveals that he has earned over $ 30,000 per year on at least one occasion and has the ability to work after his release from prison. When reviewing for an abuse of discretion, this court will not disturb a trial court's decision unless we have a definite and firm conviction that the court committed a clear error of judgment. *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994). Given this standard and Hays' proven ability to earn a significant income, this court determines that the imposition of the $ 7,030.80 fine was not an abuse of discretion.

Therefore, the judgment of the United States District Court for the Western District of Oklahoma is **AFFIRMED**.

ENTERED FOR THE COURT,


Michael R. Murphy
Circuit Judge