**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAMUEL ANTHONY CARDENAS,

Defendant - Appellant.

No. 97-8012
(D. Ct. No. 96-CR-91-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, TACHA, and BALDOCK, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th

Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Defendant Samual Cardenas pleaded guilty to a count of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846, and a count of criminal forfeiture under 21 U.S.C. § 853(a). The district court enhanced Mr. Cardenas's sentence by two levels, pursuant to U.S. Sentencing Guideline § 3B1.1(c), for his being an "organizer, leader, manager, or supervisor" in criminal activity. Mr. Cardenas now appeals that enhancement. We take jurisdiction under 28 U.S.C. § 1291 and affirm.

## Background

In the spring of 1996, the Drug Enforcement Agency and the Laramie County Sheriff's Office, with the aid of a confidential informant, began investigating Richard Castillo for suspected distribution of cocaine in Cheyenne, Wyoming. Mr. Castillo eventually led the investigators to Mr. Cardenas, his source of cocaine.

On April 22, Mr. Castillo phoned the informant and asked her to meet him and Mr. Cardenas at the Four Winds bar. Mr. Castillo said that Mr. Cardenas would have four ounces of cocaine for sale. When the informant arrived at the bar's parking lot, she entered the backseat of Mr. Cardenas's car. Leonard Cook sat in the passenger seat next to Mr. Cardenas, and Mr. Castillo was sitting in the backseat with the informant.

Mr. Cardenas told Mr. Cook that four one-ounce packets of cocaine were hidden under the passenger seat of the car. Mr. Cardenas then directed Mr. Cook to give one of the packets to the confidential informant. The informant paid Mr. Cook. Mr. Cook handed the money to Mr. Cardenas, who counted it. The next day, the informant bought the remaining three ounces from Mr. Cook at Mr. Castillo's residence, with Mr. Cardenas present. The district court found that Mr. Cardenas reaped the profit from these transactions.

The informant later called Mr. Cardenas, and they agreed to conduct another sale of cocaine on May 15, in Longmont, Colorado. There, Mr. Cardenas, the informant, and Mr. Cook went to a laundromat. Mr. Cardenas told the informant: "Give me the money." Sentencing Hearing at 17. When the informant hesitated because she thought she was dealing with Mr. Cook, Mr. Cardenas said, "[The cocaine] is mine, and you can deal with me." Id. The informant purchased cocaine from Mr. Cardenas on three more occasions and never dealt with Mr. Cook again.

At the sentencing hearing, DEA Agent Dave Lytal testified that Mr. Cardenas's girlfriend had told him that Mr. Cook sold cocaine for Mr. Cardenas. The confidential informant testified that when she was around the two men, Mr. Cook often took instructions from Mr. Cardenas: "[Cardenas] did order him

around a lot in the times that I was around where they were. 'Leonard, do this, do that.'" Sentencing Hearing at 27.

## Discussion

Mr. Cardenas argues that the evidence in this case does not support the enhancement of his sentence pursuant to U.S.S.G. § 3B1.1(c). We accept the district court's factual findings supporting an enhancement under U.S.S.G. § 3B1.1(c) unless clearly erroneous, and we review de novo the court's legal interpretations. See United States v. Farnsworth, 92 F.3d 1001, 1009 (10th Cir. 1996).

Under § 3B1.1(c), a district court should increase a defendant's offense level by two levels "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b)." U.S.S.G. § 3B1.1(c). Subsections (a) and (b) are not relevant to this case. "In order to be a supervisor, one needs merely to give some form of direction or supervision to someone subordinate in the criminal activity for which the sentence is given." United States v. Backas, 901 F.2d 1528, 1530 (10th Cir. 1990). Even trivial forms of direction satisfy the definition of "supervision." See United States v. Moore, 919 F.2d 1471, 1477 (10th Cir. 1990) (finding that defendant supervised person who answered door when drug purchasers arrived at defendant's apartment and sold drugs in defendant's absence).

The district court based its enhancement on the relationship between Mr. Cook and Mr. Cardenas. Mr. Cardenas characterizes Mr. Cook as, at most, someone who purchased drugs from Mr. Cardenas and then, without direction from Mr. Cardenas, distributed them as he pleased. It is true that merely selling cocaine to a customer who may resell does not, without more, make one an organizer or leader under § 3B1.1(c). See United States v. Owens, 70 F.3d 1118, 1129 (10th Cir. 1995); see also Moore, 919 F.2d at 1477. The district court, however, did not base the enhancement on any sale of drugs from Mr. Cardenas to Mr. Cook.

The district court emphasized a number of other factual findings that led to its finding of supervision. First, outside the Four Winds bar, Mr. Cardenas told Mr. Cook where to find the drugs in the car. Second, he directed Mr. Cook to give the informant one ounce of cocaine. After the informant gave Mr. Cook money for the sale, Mr. Cook turned it over to Mr. Cardenas, who counted it. In addition, the court pointed to Mr. Cardenas's later statement, made to the informant in the presence of Mr. Cook, that he owned the cocaine that Mr. Cook had been selling to her. See Sentencing Hearing at 88. ("It was Cardenas's drugs. It was Cardenas's money."). Also, the court found Mr. Cook, who denied that he acted under the control of Mr. Cardenas, to be less credible than Mr. Cardenas's girlfriend and the confidential informant, both of whom testified that

Mr. Cook was continually acting under the supervision of Mr. Cardenas. Since the record supports these findings, we cannot conclude that they are clearly erroneous.

All of these findings suggest that Mr. Cook was acting under Mr. Cardenas's supervision during the sales of drugs in the Four Winds parking lot, at Mr. Castillo's residence the next day, and outside the laundromat. Therefore, the findings suffice, under the low threshold of United States v. Backas, 901 F.2d 1528, 1530 (10th Cir. 1990), to support the enhancement under section 3B1.1(c). We AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge