**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**MAR 13 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALFREDO VEGA,

Defendant - Appellant.

No. 97-6022
(W.D. Okla.)
(D. Ct. No. CR-96-115-L)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BRORBY**, and **EBEL**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

## Background

The defendant, Alfredo Vega, was arrested for participating in a drug operation that included his two brothers, Hector Vega and Pedro Vega, and a

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

number of others.  The Vega brothers, who sometimes acted alone and other times acted jointly, were links in a loose-knit organization of marijuana dealers.  They often sold marijuana to a man named Richard Jarvis in Oklahoma City.  They also would arrange to transport the drugs to Mr. Jarvis.

After his arrest, the defendant pleaded guilty to two counts of a forty-three count indictment.  The presentence report recommended that, under section 3B1.1(a) of the Sentencing Guidelines, the district court impose a four-level enhancement to Mr. Vega's sentence.  Under that subsection, a court must impose a four-level enhancement if the defendant was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."  U.S.S.G. § 3B1.1(a) (1997).  At the sentencing hearing and in a written opinion that followed, the district court found that the evidence did not warrant the four-level enhancement under section 3B1.1(a).  Instead, the court enhanced the defendant's offense level by two levels for his being a manager of criminal activity under section 3B1.1(c).  The defendant appeals on two different grounds: (1) that the district court's factual findings are clearly erroneous, and (2) that the facts, as found by the district court, do not support an enhancement under section 3B1.1(c).  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

**Discussion**

The defendant first argues that the factual findings of the district court are in error. We will overturn a district court's findings of fact only if they are clearly erroneous. See United States v. Farnsworth, 92 F.3d 1001, 1009 (10th Cir.), cert. denied, 117 S. Ct. 596 (1996). We will uphold them unless they are unsupported by the record or, after reviewing the record, "we are left with the definite and firm conviction that a mistake has been made." United States v. Easterling, 921 F.2d 1073, 1077 (10th Cir. 1990) (citations and internal quotation marks omitted).

The district court imposed its two-level enhancement under section 3B1.1(c). That provision instructs: "If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by two levels." The district court based the enhancement on the following facts:

> The evidence establishes that defendant exercised management responsibility over the money involved in the transactions. The funds for transportation expenses were wire-transferred to defendant, who then distributed the funds to the individuals who transported the contraband. This is a sufficient exercise of managerial activity to impose the two-level enhancement.

United States v. Vega, No. 96-115-L, slip. op. at 3 (W.D. Okla. Dec. 11, 1996). There is substantial support for these findings in the testimony of Robert Ryan, a police officer from Norman, Oklahoma, who was the only

person to testify at the sentencing hearing. Officer Ryan learned about the defendant's criminal activity during an assignment to the Drug Enforcement Administration as a task force officer. Officer Ryan testified that Mr. Jarvis purchased marijuana from the defendant through money wires. In his wires, Jarvis would include money to cover the expense of transporting the marijuana to Oklahoma City. Upon receiving Jarvis's money, the defendant would pay a man named Ken Moore to deliver the marijuana to Jarvis. According to the testimony, Mr. Moore was under the impression that he was working for the defendant.

The defendant makes much of the fact that there was no evidence that Alfredo Vega held a position of authority over his two brothers or that he was the "boss" of the organization. As the excerpt from the district court opinion makes clear, however, the district court did not rely on any findings about the relationship among the brothers, or about Alfredo's position in the larger criminal organization, in imposing the enhancement. In fact, the court explicitly refrained from making those factual findings earlier in the opinion. The district court relied only on the fact that the defendant paid Mr. Moore to deliver marijuana to Oklahoma City. In light of Officer Ryan's testimony, the district court's findings are not clearly erroneous.

Next, the defendant argues that the facts found by the district court

cannot support a conclusion that he was a "manager" under section 3B1.1(c).

Thus, the defendant's second challenge presents a question of how the statutory standard applies to the facts of the case—a mixed question of law and fact. See Supre v. Ricketts, 792 F.2d 958, 961 (10th Cir. 1986). Congress has dictated the standard of review for such questions in the sentencing context. The relevant statute states that appellate courts "shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e). This "due deference" standard parallels our standard of review for mixed questions of law and fact in other contexts. See United States v. Roberts, 898 F.2d 1465, 1468 & n.2 (10th Cir. 1990). We have described that standard as follows:

> Where the mixed question involves primarily a factual inquiry, the clearly erroneous standard is appropriate. If, however, the mixed question primarily involves the consideration of legal principles, then a *de novo* review by the appellate court is appropriate.

Id. at 1468 (quoting Ricketts, 792 F.2d at 961).

The defendant's first point of argument is primarily a legal one, and thus we review the question de novo. The defendant contends that the district court erred because possession of money alone is not enough to support an enhancement for management of criminal activity. Rather, one must exercise control over another *person* in order to "manage" criminal activity under

section 3B1.1(c). The defendant is correct on this point. See United States v. Greenfield, 44 F.3d 1141, 1146 (2d Cir. 1995) (finding that management of assets is not enough to support an enhancement under section 3B1.1(c)); United States v. Katora, 981 F.2d 1398, 1404 (3d Cir. 1992) (same); United States v. Giraldo, 111 F.3d 21, 24 (5th Cir.) (same), cert. denied, 118 S. Ct. 322 (1997).

The defendant assumes that because management of money alone is insufficient, and because the district court relied on the defendant's management of the money in imposing the enhancement, the district court erred. We disagree. While it is true that the *mere* possession of money is insufficient to support an enhancement for being a manager under section 3B1.1(c), it is equally true that one's control over the cash flow of a criminal enterprise is usually indicative of at least some authority over others in the organization.

The district court did not base the enhancement solely on the fact that Jarvis wired money to the defendant. Only an overly restrictive reading of the court's opinion would lead to that conclusion. In determining that the defendant had a managerial role, the court emphasized that Jarvis wired the money to the defendant, "*who then distributed the funds to the individuals who transported the contraband.*" Vega, slip. op. at 3 (emphasis added).

- 6 -

Applying the most reasonable interpretation of the court's language, the court imposed the enhancement not simply because the defendant held the money, but rather because his possession of the money gave him control over distributors such as Ken Moore. Thus, although the defendant correctly identified a limit on the reach of section 3B1.1(c), the district court did not exceed it.

That does not entirely dispose of the defendant's appeal, however. We must still consider whether the degree of control that Mr. Vega exercised over Mr. Moore qualifies as "management" under section 3B1.1(c). Unlike the legal question just discussed, this determination primarily involves a factual inquiry because it hinges largely on how much control the defendant had over Mr. Moore's activities. Therefore, on this particular question, we defer to the district court's decision unless it was clearly erroneous. See Ricketts, 792 F.2d at 961.

Our cases have interpreted section 3B1.1(c) liberally. A court may enhance a sentence under section 3B1.1(c) "upon a showing that the defendant exercised any degree of direction or control over someone subordinate to him in the distribution scheme." United States v. Backas, 901 F.2d 1528, 1530 (10th Cir. 1990). According to the testimony at the sentencing hearing, Mr. Vega regularly paid Mr. Moore to drive marijuana to Oklahoma City. Mr.

Moore made his trips at the direction of Mr. Vega, and Mr. Moore understood himself to be in the employ of Mr. Vega.  See Sent. Hr'g at 29 ("[T]here were times when Alfredo Vega may have supervised or gave direction to one person during one drug transaction . . . .") (statement of defendant's counsel).  This testimony provides adequate support for the district court's conclusion.  The court's finding is not clearly erroneous.

## Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge