**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES DAVID THORNBRUGH,

Defendant-Appellant.

No. 98-5146
(D.C. No. 97-CV-417-B)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-defendant James David Thornbrugh seeks a certificate of appealability to obtain review by this court of the district court's denial of his motion to vacate his sentence brought pursuant to 28 U.S.C. § 2255. Because he has failed to make a substantial showing of the denial of a constitutional right, we deny the certificate and dismiss the appeal.

Defendant was convicted of three counts of armed bank robbery under 18 U.S.C. §§ 2113(a) and (d) and three related counts of using and carrying a firearm during or in relation to a crime of violence under 28 U.S.C. § 924(c)(1). The charges arose from the robberies of three Tulsa financial institutions by defendant and an accomplice, Gary Sewell, who testified against defendant at trial.

Mr. Thornbrugh was sentenced as a career offender. In his first appeal, the conviction was affirmed, see United States v. Thornbrugh, 962 F.2d 1438 (10th Cir. 1992), and the matter remanded for resentencing in light of United States v. Abreu, 962 F.2d 1447 (10th Cir. 1992) (en banc). The Supreme Court reversed our sentencing decision, see United States v. Abreu, 508 U.S. 935 (1993), which ultimately resulted in another remand to the district court and a final sentence of seventy months on each of the three bank robbery convictions plus mandatory sentences totaling 540 months on the § 924(c) convictions. On appeal Mr. Thornbrugh challenged the sentencing enhancements, and we

affirmed.  See United States v. Thornbrugh, No. 94-5118, 1995 WL 216924 (10th Cir. April 12, 1995) (unpublished order and judgment).

Mr. Thornbrugh then commenced this action pursuant to 28 U.S.C. § 2255, raising issues of government misconduct and ineffective assistance of trial and appellate counsel.  By amendment he added claims that the district court lacked authority to resentence him because the government had failed to seek a stay of the sentence and that his obligation to pay restitution had expired and therefore the assessment could not be collected.

Petitioner raised several issues under the rubric of government misconduct. Two claims, that the government furnished incorrect information as to the chase scene where a car switch occurred (thereby allegedly precluding counsel from locating material eyewitnesses) and that Special Agent Jo Deathridge submitted conflicting affidavits describing the condition of the vehicle, were decided adversely to Mr. Thornbrugh on direct appeal.  See United States v. Thornbrugh, 962 F.2d at 1444-45.  A defendant may not raise issues previously decided on direct appeal by way of a § 2255 motion.  See United States v. Cox, 83 F.3d 336, 342 (10th Cir. 1996).

The balance of the alleged misconduct consisted of the government's failure to provide police reports or portions thereof to defense counsel; improper release of information about defendant to the news media, which provided jurors

with knowledge of the crimes; perjury by Mr. Sewell, both about his agreement with the government and about other matters surrounding the crimes and which the government knew to be perjurious; and perjury by Special Agent Deathridge as to the condition of the license tags on Mr. Thornbrugh's truck. These issues were not raised on direct appeal.

In order to raise issues by a § 2255 motion that should have been raised on direct appeal but were not, a defendant must show cause for his failure to do so and actual prejudice resulting from the errors he complains of. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) (holding § 2255 motions not available to test legality of matters that should have been raised on direct appeal). One method of establishing the requisite cause, and the one at issue here, is the alleged ineffective assistance of counsel. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995) (holding defendant may establish cause for procedural default by showing ineffective assistance of counsel) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986).

Mr. Thornbrugh claimed his appellate counsel failed to raise these issues on direct appeal. The district court therefore considered the merits of the omitted issues. See Cook, 45 F.3d at 393 ("If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel.") (quotation omitted). The court examined the issues under this standard

and found them to be without merit. Upon consideration of the rationale expressed by the district court, we agree that Mr. Thornbrugh has failed to set forth any meritorious issues. Counsel is not obligated to raise every nonfrivolous issue on appeal. See id. at 394.

The district court also considered the question of whether Mr. Thornbrugh had shown a fundamental miscarriage of justice probably resulting in the conviction of one actually innocent. See Murray, 477 U.S. at 496. The inquiry to determine if this is an extraordinary case resulting in such a miscarriage of justice if the procedural bar is invoked involves three prongs: "(1) a constitutional violation; (2) a probable effect on the jury's determination; and (3) the conviction of an innocent man." Parks v. Reynolds, 958 F.2d 989, 995 (10th Cir. 1992). Where no cause is shown for failure to raise his claims earlier, "the defendant must show--at the threshold--both a constitutional violation and a colorable showing of factual innocence." Id.

We agree that Mr. Thornbrugh has failed to meet the first criteria, i.e., establishment of any constitutional violation by the government. Hence, the miscarriage of justice exception is not met in this case and these claims remain procedurally barred.

Mr. Thornbrugh also claims his trial counsel was ineffective for failing to investigate certain alibi witnesses, to call other witnesses at trial, and to investigate the witnesses at the chase scene.

To establish ineffective assistance of counsel, a defendant must show both that his attorney's performance was deficient and that the deficient performance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." See id. at 687-88. To establish prejudice, he must show the existence of a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Mr. Sewell was the only eyewitness who placed Mr. Thornbrugh at the scene of the robberies. Defense counsel offered a number of alibi witnesses, including Mr. Thornbrugh's father, co-workers, employer and his employer's wife, to confirm his alibis for each of the robberies. See United States v. Thornbrugh, 962 F.2d at 1441. The specific additional alibi witnesses Mr. Thornbrugh wanted called allegedly would have corroborated his presence in Kansas during one of the robberies. However, Mr. Thornbrugh's father testified he and his son were together in Coffeyville, Kansas, on the date in question, but

admitted that Coffeyville was only about an hour and a half drive from Tulsa. Thus, counsel's decision not to pursue the testimony of these additional witnesses was not, viewed at the time of counsel's conduct, "outside the wide range of professionally competent assistance." See Strickland, 466 U.S. at 690.

The same is true of other witnesses (including cellmates and the girlfriend of Mr. Sewell) who Mr. Thornbrugh believes should have been called to testify. Mr. Thornbrugh concedes that one witness did testify that Mr. Sewell had stated that Mr. Thornbrugh was not involved in the robberies. It is thus not unreasonable that counsel may have determined the addition of other witnesses would have been merely cumulative.

We have recognized that the decision whether or not to call witnesses is a tactical one within the discretion of trial counsel. See Jackson v. Shanks 143 F.3d 1313, 1320 (10th Cir.), cert. denied, 119 S. Ct. 378 (1998); Minner v. Kerby, 30 F.3d 1311, 1317 (10th Cir. 1994). Mr. Thornbrugh has failed to demonstrate that trial counsel's judgment in this regard was unreasonable.

Finally, Mr. Thornbrugh's claim that because of misinformation supplied about the chase scene, trial counsel was unable to interview two allegedly exculpatory eyewitnesses. This is the same claim raised earlier as part of the government's alleged misconduct, and, as previously noted, decided on direct appeal. See United States v. Thornbrugh, 962 F.2d at 1444-45. In his brief on

appeal, Mr. Thornbrugh does not separately address the claimed errors of appellate counsel except with respect to counsel's failure to raise the issue of Special Agent Deathridge's conflicting affidavits. Again, this issue was decided adversely to Mr. Thornbrugh on direct appeal. See id.

Any other issues raised in district court but not addressed on appeal are deemed waived. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (issues not argued in brief on appeal considered abandoned). Nor will we consider on appeal the "Declaration" attached to Mr. Thornbrugh's appellate brief because it was not presented to the district court. See Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999) (citing Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992)).

Accordingly, because we conclude that Mr. Thornbrugh has not made a substantial showing of the denial of a constitutional right, we DENY his application for a certificate of appealability and DISMISS his appeal. The argument made in the supplement to his brief is moot in light of the court's decision in United States v. Singleton, 165 F.3d 1297 (10th Cir.) (en banc), cert. denied, 119 S. Ct. 2371 (1999).

Entered for the Court

Wade Brorby
Circuit Judge

-8-