**FIRST NAT. BANK OF RYAN v. SOUTHWESTERN SURETY INS. CO.**

No. 14151—Opinion Filed July 17, 1923.

Rehearing Denied Oct. 30, 1923.

(Syllabus.)

1. **Judgment—Parol Evidence to Explain—Judgment on Guardian's Bond.**

Where judgment is rendered against a guardian and the surety company on his bond in the county court, and on appeal to the district court the amount of this judgment is reduced, and the pleading and judgment do not show the items entering into the reduction, and where, in subsequent proceedings, it becomes material to determine whether a certain item was included in the reduction made by the district court, parol evidence was admissible to prove the items entering into the reduction.

2. **Trusts — Action to Recover Funds Misappropriated by Guardian — Validity of Guardianship—Estoppel.**

In a suit brought in a county court to recover funds misappropriated by a guardian, the defendant, having received the benefit of

the funds which came into the guardian's hands by reason of his appointment as such guardian, is estopped to deny the validity of the guardianship proceeding.

### 3. Judges — Disqualification — Entering Formal Judgment.

A county judge who has acted as attorney for one of the parties in a proceeding in his court is not disqualified to enter a formal judgment in conformity with the mandate in the appellate court.

Error from District Court, Jefferson County; Will Linn, Judge.

Action by the Southwestern Surety Insurance Company against the First National Bank of Ryan. Judgment for plaintiff, and defendant brings error. Reversed and remanded with directions.

Green & Pruet, for plaintiff in error.

W. Y. Dilley and Bridges, Vertrees & Anderson, for defendant in error.

COCHRAN, J. This action was filed by defendant in error against the plaintiff in error to recover the sum of $979.93. The parties will hereinafter be referred to as plaintiff and defendant.

W. F. Spain, as guardian of his minor child, made a sale of certain real estate belonging to his ward and executed a guardian's sale bond in connection therewith. Plaintiff executed this bond as surety. Upon final settlement of accounts in the county court, judgment was rendered against the guardian for funds of his ward misappropriated in the sum of $5,239.52. The case was appealed to the district court and judgment returned for $2,750. Plaintiff, as surety on the bond, paid the judgment and thereupon became subrogated to all the rights of the minor. Plaintiff filed this suit against the defendant to recover a portion of the funds of the minor which the guardian had paid to the defendant in settlement of his individual note. The evidence of the plaintiff showed that the guardianship account was deposited with the defendant, and the individual note of the guardian was paid by check drawn on the guardianship fund.

Defendant offered to prove that upon trial of the case in the district court, where the amount recovered against the guardian and surety on his bond was reduced from $5,239.52 to $2,750, the guardian and surety company asked for credit for this specific item for which the surety company is now suing, by reason of the money so procured having been used in erecting permanent improvements on the lands of the minor; and the defendant offered to prove further that

the item was allowed and the guardian and surety company received credit for this item in the $2,500 deduction made by the district court. This testimony was rejected, and the defendant urges that the rejection thereof was error. Plaintiff contends that before an allowance could be made for improvements erected on the lands of the minor, it was necessary for a claim to be presented to the county court for allowance by that court, and proper vouchers presented in support of the claim, and that, since no such claim was ever made to the county court, no allowance could properly be made for such improvements. It is unnecessary to pass on that question, because if the district court made an allowance for the item in controversy and the guardian and surety company received credit therefor, the surety company would not be entitled to maintain an action for the recovery of such item even though the same was improperly allowed by the district court. If this item was not included in the amount which the surety company was required to pay, it would not be entitled to maintain an action for its recovery. It appears to us that the only question for determination is as to whether parol evidence could be offered to show the items which entered into the $2,500 deduction made by the district court. In making this deduction, the district court did not make a statement of the guardianship account showing the items charged to the guardian and the items allowed, but made a lump sum deduction from the judgment which had previously been entered by the county court. Such being the case, it was permissible to offer evidence showing the items which entered into this lump sum allowance. We find the following in Freeman on Judgments (4th Ed.) sec. 275:

"Parol proof can be given to show the grounds of a judgment only when such grounds do not appear from the record itself. In no case can any matter be alleged or proved to have been passed upon, except it be such as might have been given in evidence, legitimately, under the issue joined."

The plaintiff contends that the decision in the case of Southwestern Surety Ins. Co. v. First National Bank of Ryan, 86 Okla. 277, 208 Pac. 209, rendered on a previous appeal of this same case to this court, supports his contention. This court on that appeal held that the trial court erred in sustaining a demurrer to the plaintiff's testimony for the reason that the court could not presume that the item in controversy was a part of the allowance made by the district court, and that there was no evidence in the record showing that the guardian ever sought to have this item allowed as a claim

against the estate of the ward. The evidence which was excluded by the trial court, and which we are now considering, was offered on the theory that the guardian and this surety company did seek to have this item allowed by the district court, and that it was allowed, and defendant offered to prove that which this court held on the former appeal could not be presumed, to wit, that the item was allowed in the district court. We are of the opinion that the court erred in refusing to admit the testimony.

Defendant contends also that the plaintiff was not entitled to recover because at the time the bond was executed by the plaintiff for the guardian of Franklin G. Spain, theres was another guardianship pending for said minor in the same court, and, hence, the proceedings in this case were invalid. Defendant having received the benefit of the funds which came into the hands of the guardian by virtue of the proceedings in the guardianship case, which he now attacks, is estopped from asserting the invalidity of the guardianship appointment or proceedings. Donnell v. Dansby, 58 Okla. 165, 159 Pac. 317; Southwestern Surety Ins. Co. v. Richard, 62 Okla. 122, 162 Pac. 468.

Defendant next argues that the judgment in the county court against the surety company and guardian was invalid because the county judge rendering judgment was an attorney for the guardian, and appeared in the county court and district court in connection with the settlement of the guardian's account. The judgment rendered by the county judge in this matter was a formal judgment, carrying out the judgment of the district court on appeal, and the county judge was therefore not disqualified from entering judgment rendered. Holloway v. Hall, 79 Okla. 163, 192 Pac. 219; Cullins v. Overton, 7 Okla. 470, 54 Pac. 702.

The judgment of the trial court is reversed, and cause remanded, with directions to grant a new trial.

JOHNSON, C. J., and McNEILL, KENNAMER, NICHOLSON, BRANSON, and HARRISON, JJ., concur.