## SMITH v. BOGART.

No. 29632.    Oct. 8, 1940.

Rehearing Denied Nov. 19, 1940.

*107 P. 2d 173.*

Saunders & Van Wagner, of Shawnee, for plaintiff in error.

Long & Jackson, of Seminole, for defendant in error.

PER CURIAM.   This was an action in replevin originally instituted in the superior court of Seminole county on June 8, 1936, by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover possession of a certain iron derrick and appliances used in connection therewith and of which the plaintiff claimed to be the absolute owner. The property was taken into custody under writ of replevin and returned to the defendant under a redelivery bond. On October 14, 1936, the defendant filed an answer in the form of a general denial. The Honorable Otis H. Presson, who had been attorney for the plaintiff in said action, succeeded the Honorable C. Guy Cutlip as judge of the superior court. Thereafter, on March 19, 1938, the defendant requested said judge to certify his disqualification to act in said cause. On March 24, 1938, the court entered an order certifying his disqualification and at the same time transferring the cause to the district court of Seminole county. The defendant interposed no objection to this action at the time. Upon motion of the plaintiff the cause was subsequently set down for trial in said court on May 23, 1939. When the cause was called for trial the defendant appeared and objected to the introduction of any evidence, assigning as grounds for such objection that the order of transfer had been made without authority of law and the district court was therefore without jurisdiction in the premises. The objection so made was overruled,

and defendant has saved his exceptions thereto. At the close of plaintiff's evidence the defendant demurred thereto, and when this demurrer was overruled, saved his exceptions and declined to offer any evidence in his behalf. The court rendered judgment in favor of the plaintiff for restitution of the property in controversy or its value, in the sum of $1,000, in the event a return thereof could not be had. Motion for new trial was heard and denied, and defendant has perfected this appeal.

The defendant assigns ten specifications of error which he presents under the following propositions:

"That the court was without jurisdiction for the reason that the case was still pending in the superior court of Seminole county.

"That the judge of the superior court of Seminole county was disqualified to make an order transferring the case from the superior court to the district court, and therefore the case was never transferred to the district court, and the district court never acquired jurisdiction of the case.

"There was no competent evidence before the court to sustain any judgment in favor of the plaintiff and against the defendant.

"The evidence was insufficient to entitle the plaintiff to recover and the demurrer interposed should have been sustained."

Under the first proposition advanced, defendant contends that since Judge Presson was disqualified by reason of having been attorney for the plaintiff, he was thereby precluded from making the order of transfer, and hence the district court never acquired jurisdiction in the premises.

The jurisdiction of the superior court was concurrent with that of the district court (section 3905, O. S. 1931, 20 Okla. St. Ann. § 162) and by section 3917 O. S. 1931, 20 Okla. St. Ann. § 175, it is provided in part as follows:

"The superior court or judge thereof may, at any time, in its discretion, transfer to the district court of said county any cause pending and undetermined therein which may be within the jurisdiction of the district court."

Under the above section an order of transfer from one court to another divests the jurisdiction of the first court and vests jurisdiction in the second court. Freeman v. Bryant, 76 Okla. 51, 184 P. 76. It follows, therefore, that if the order of transfer was not void, the district court had jurisdiction of the subject matter and the parties. Since Judge Presson had been attorney for the plaintiff, he properly recused himself (sec. 2911, O. S. 1931, 22 Okla. St. Ann. § 571; 15 R.C.L. p. 535). It does not follow, however, that he could not make the order of transfer which he did. As stated in 15 R.C.L. p. 542:

"The disqualification of a judge to hear and determine a cause does not prevent him from entering such orders as are merely formal and necessary to bring the suit to a hearing and determination before a qualified judge. * * *"

The rule announced in the above citation has been the uniform holding of this court. First National Bank of Ryan v. Southwestern Surety Co., 95 Okla. 259, 219 P. 690; Holloway v. Hall, 79 Okla. 163, 192 P. 219; Cullins v. Overton, 7 Okla. 470, 54 P. 702.

It must be assumed that the defendant by filing his motion to have the judge recuse himself desired to obtain a trial before an impartial judge. The order transferring the cause to the district court accomplished this purpose, and the defendant interposed no objection at the time the order was made. Even had the objection been tenable, it came too late when raised for the first time in the district court. McAleer v. Dawson, 119 Okla. 273, 248 P. 615. We are of the opinion that the order of transfer was properly made, and that the district court had jurisdiction of both the subject matter and the parties.

The remaining contentions of the defendant are, in effect, that the judgment is unsupported by any competent evidence, and that the demurrer of the

defendant to the evidence of the plaintiff should have been sustained. Both of these contentions are untenable. The plaintiff testified that he had purchased the property in controversy, had moved it to Pottawatomie county and had there rented it to certain parties, and that he had later found the property in the possession of the defendant in Seminole county. This evidence was competent, uncontradicted, and sufficient to sustain the burden which the plaintiff had of establishing his title to the property and his right to its possession. The defendant appears to be under a misapprehension relative to the status of the plaintiff, since the record shows that the plaintiff was the owner and not a mortgagee of the property, as defendant appears to believe. Since there was competent evidence sufficient to sustain the allegations of the plaintiff with respect to his title and likewise to possession, the trial court proceeded properly when it overruled the demurrer to such evidence. The judgment of the court appears to be fully supported by the evidence shown in the record, and no error is presented.

Judgment affirmed.

BAYLESS, C. J., and RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur.