**UNITED STATES COURT OF APPEALS**

**April 12, 2011**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

NATHAN DEBREW, SR.,

    Defendant-Appellant.

No. 10-2120

(D.C. No. 2:09-CR-02054-MCA)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TACHA,** and **BALDOCK**, Circuit Judges.

To make a long story short, law enforcement officials at the eastbound Lordsburg, New Mexico, Port of Entry uncovered 260 kilograms of marijuana in the cargo hold of a tractor trailer driven by Defendant Nathan Debrew, Sr.  A jury subsequently convicted Defendant on one count of possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 841, and one count of conspiracy to commit the same in violation of 21 U.S.C. § 846.  The district court sentenced Defendant to 120-months imprisonment.  Defendant appeals. Our jurisdiction arises under 28 U.S.C. § 1291.  We summarily affirm.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

On appeal, Defendant raises three claims of error. First, Defendant claims the district court erred in denying his motion to suppress the fruits of a purportedly illegal search. In written findings and conclusions, the district court bypassed the question of whether New Mexico's regulatory scheme for conducting port-of-entry warrantless inspections of commercial vehicles lawfully authorized a state inspector to search the contents of individual boxes inside Defendant's trailer. See N.M. Stat Ann. § 65-5-1. Instead, the court held the inspector had probable cause to search the boxes: "[G]iven the totality of the circumstances, [the inspector] possessed the necessary 'particularized and objective basis' for suspecting that illegal conduct was occurring." United States v. Debrew, Sr., No. 09-CR-2054-MCA, Memorandum Opinion & Order at 24 (D.N.M., filed December 31, 2009) (Doc. #131) (quoting United States v. Ledesma, 447 F.3d 1307, 1316 (10th Cir. 2006)).

Second, Defendant claims the district court abused its discretion in allowing the Government to introduce at trial evidence of his prior drug trafficking conviction. Applying the four factor test first outlined in Huddleston v. United States, 485 U.S. 681, 691–92 (1988), the district court ruled in limine that the Government could offer into evidence, pursuant to Fed. R. Evid. 404(b), portions of Defendant's 1994 plea agreement in federal court.[1] Therein, Defendant pled guilty to one count of

_____

[1] Rule 404(b) provides in relevant part that "[e]vidence of other crimes . . .
(continued...)

2

conspiracy to distribute "kilogram quantities" of cocaine hydrochloride in violation of 21 U.S.C. § 846.  Noting the circumstances surrounding Defendant's prior conviction and his current predicament were "remarkably similar," the court concluded in a written order:  "[T]he proffered evidence is highly probative of (1) Mr. Debrew Sr.'s plan; (2) Mr. Debrew's knowledge that there was a controlled substance in his trailer; and (3) the fact that the marijuana did not end up in Mr. Debrew Sr.'s vehicle by accident or mistake." United States v. Debrew, Sr., No. 09-CR-2054-MCA, Memorandum Opinion & Order at 8 (D.N.M., filed Jan. 26, 2010) (Doc. #152).  Subsequently at trial, the Government introduced, through the testimony of Federal Agent Darren Rhoden, redacted versions of the plea agreement and judgment of conviction. See Supp. R.O.A., Vol. 1, Pt. 4 of 4, at 382–92; Gov't Add. at 2–6 (Gov't Exhs. 29 & 30).

Third, Defendant claims the district court abused its discretion in prohibiting him from introducing at trial the post-arrest statement of his co-defendant and son, Nathan Debrew, Jr., that Defendant "don't have nothing to do with this."  Inspectors discovered Debrew, Jr., inside the vehicle's cab subsequent to the search and arrested him.  The district court ruled, again in limine and in a written order, that such

---

[1](...continued)
is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ."

3

statement did not qualify as a "statement against interest" within Fed. R. Evid. 804(b)(3)'s exception to the hearsay rule.[2] The court concluded Debrew, Jr.'s statement was not against his penal interest because to deny Defendant's involvement was to deny his own involvement in the charged conspiracy. In considering several factors relevant to the question of whether sufficient corroborating circumstances existed to establish the statement's trustworthiness, the court further concluded that Defendant had "not satisfied his formidable burden of showing the existence of corroborating circumstances that clearly demonstrate the trustworthiness of Mr. Debrew, Jr.'s statement[]." Doc. #152, at 17.

## II.

We have carefully reviewed both the pretrial and trial record in this case, the parties' written and oral arguments, the apposite portions of the district court's written orders, and the applicable law including the appropriate standards of review. Suffice to say the district court's analyses and resolutions in the first instance of the claims Defendant raises on appeal were both thorough and proper, and we have little to add. As to Defendant's claim that the inspector lacked probable cause to search

---

[2] Rule 804(b)(3) excludes from the hearsay rule a "statement against interest" if the declarant is unavailable as a witness. At the time of Defendant's trial, the rule defined such statement as one "which at the time of its making . . . so far tended to subject the declarant to . . . criminal liability . . . that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." The rule further provided that "[a] statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."

his tractor trailer, we note only that Defendant's focus on the inspector's subjective intentions and motivations is wholly misplaced. "An objective standard measures probable cause – whether the facts and circumstances within the officer's knowledge sufficiently warrant an officer of reasonable caution to believe contraband or evidence of a crime will be found." United States v. Stephenson, 452 F.3d 1173, 1177 (10th Cir. 2006). Applying that standard, the district court's findings of facts surrounding the search are supportable and its conclusion that the warrantless search was reasonable is sound. As to Defendant's two claims of evidentiary error, we note only that Defendant has not made the showing necessary for us to conclude the district court abused its discretion. That is to say Defendant has not made a "distinct showing" that the district court's rulings were "based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifest[] a clear error of judgment." United States v. Batton, 602 F.3d 1191, 1196 (10th Cir. 2010) (defining the abuse of discretion standard). Where the district court accurately analyzes the issues in a case and articulates a cogent rationale based upon the relevant facts and applicable law, no useful purpose is served by us writing at length. See United States v. Schmidt, 353 Fed. Appx. 132, 134 (10th Cir.2009). This is such a case. Accordingly we affirm substantially for the reasons set forth in the district court's written orders

5

at issue in this appeal.  <u>See</u> Doc. #131, at 1–9, 14–26, 37–38; Doc. #152, at 1–19, 45–47.

AFFIRMED

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge