**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 27, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DENNY LOVERN,

      Plaintiff-Appellant,

v.

BART DORSCHEID, Investigator,
Eighteenth Judicial District Attorney's
Office; MICHAEL KNIGHT, Chief
Investigator, Eighteenth Judicial District
Attorney's Office,

      Defendants-Appellees.

No. 14-1089

(D.C. No. 13-CV-2446-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.[**]

To say Plaintiff Denny Lovern has a problem with alcohol, and in particular drinking

and driving, is an understatement. During one of many such incidents in Arapahoe County,

Colorado, Lovern attempted to pull out of a carport. Instead, Lovern hit a cinderblock wall,

passed out at the wheel, came to, attempted to pull out again, hit the wall again, passed out

again, came to again, drove out into the road, passed out again, came to again, drove off, and

---

[*] This order and judgment is not binding precedent except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument.

hit a wooden fence in an alley. A sheriff's deputy arrested Lovern and sent him to medical detox where his blood alcohol content measured ".321", or four times the legal limit. Prosecutors subsequently charged Lovern with two felonies: criminal attempt to commit manslaughter in violation of Colo. Rev. Stat. § 18-3-104(1)(a) and criminal attempt to commit assault in the second degree with a deadly weapon (*i.e.*, a motor vehicle) in violation of Colo. Rev. Stat. § 18-3-203(1)(d). The state trial court dismissed the former charge and the prosecution dismissed the latter charge.

Lovern then filed this § 1983 action against Defendants Bart Dorscheid and Michael Knight claiming unlawful arrest and malicious prosecution in violation of the Fourth Amendment. Defendants are investigators with the local prosecutor's office responsible for preparing and filing the affidavit of probable cause in support of Lovern's arrest warrant. According to paragraphs fifteen and sixteen of the complaint:

> Dorscheid knew, and Knight either knew or acted in reckless disregard of the fact, that there was not probable cause for believing that the Plaintiff committed these felonies because his alleged reckless actions were directed at a fence and a cinderblock, not at an identifiable human being. In order to have probable cause for these criminal crimes of reckless conduct, the reckless conduct must be directed at a particular and identifiable human being.
>
> * * *
>
> No reasonable officer in the Defendants' position, with the information each had in his possession, would believe that they could lawfully charge the Plaintiff with violating CRS 18-3-104(1)(a) or CRS 18-3-203(1)(d) based on the facts set forth in Dorscheid's affidavit becuase they knew there was no human victim. A person cannot be prosecuted for the attempted reckless manslaughter or assault of a fence or cinderblock.

Pursuant to Defendants' motion, the district court dismissed Lovern's complaint on the basis of qualified immunity. In a thorough written order, the district court held

2

Defendants were immune from suit because their conclusion that Lovern could be charged with attempted reckless manslaughter and attempted assault was based on a reasonable interpretation of existing Colorado case law. Lovern v. Dorscheid, 2014 WL 503789 (D. Colo.) (unpublished). Lovern appealed consistent with 28 U.S.C. § 1291.

We need not belabor the point. We have carefully reviewed both the parties' briefs and the appellate record in view of the applicable law including the appropriate standard of review. Suffice to say the district court's analyses and resolution in the first instance of Lovern's constitutional claims were correct. As the court ably explained, at the time of Lovern's arrest, the question of whether the State of Colorado had to identify a likely victim to convict a drunk driver of attempted reckless manslaughter or attempted second degree assault was (and appears to remain) very much unsettled. "Where the district court accurately analyzes the issues in a case and articulates a cogent rationale based upon the relevant facts and applicable law, no useful purpose is served by us writing at length. This is such a case." United States v. Debrew, 419 F. App'x 877, 880 (10th Cir. 2011) (unpublished) (internal citation omitted).

Accordingly, we affirm substantially for the reasons set forth in the district court's written order at issue in this appeal.

AFFIRMED.

Entered for the Court


Bobby R. Baldock
United States Circuit Judge