FILED
United States Court of Appeals
Tenth Circuit

December 14, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WALTER TRUSTRUM ARMSTRONG,
III,

      Plaintiff - Appellant,

v.

JPMORGAN CHASE BANK NATIONAL
ASSOCIATION,

      Defendant - Appellee.

No. 14-1144
(D.C. No. 1:13-CV-02930-RBJ)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

Walter Trustrum Armstrong, III, appeals from the district court's dismissal of

his declaratory-judgment and quiet-title claims against JPMorgan Chase Bank

National Association ("JPMorgan Chase").  Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

**I**

Armstrong obtained a mortgage loan from Stewart Mortgage Services ("SMS") in 2007 that was evidenced by a promissory note and secured by a deed of trust on the financed house. According to JPMorgan Chase, SMS assigned the note to AmTrust Bank by means of an allonge,[1] after which AmTrust Bank endorsed the allonge in blank and negotiated the note to JPMorgan Chase. The beneficiary of the deed of trust was Mortgage Electronic Registration Systems, Inc. ("MERS"), as SMS's nominee. In 2012, MERS assigned the deed of trust to JPMorgan Chase.

Armstrong defaulted on the note in January 2010. Chase Home Finance, LLC, initiated a foreclosure proceeding. Armstrong filed suit in Colorado state court against Chase Home Finance and MERS, seeking a declaratory judgment that neither defendant held a legal interest in the note or deed of trust and an injunction prohibiting them from foreclosing on his house. Six days later, while his state action was pending, Armstrong filed a voluntary Chapter 7 bankruptcy case, in which he made a number of assertions under penalty of perjury germane to this case: (1) the only proceeding he was party to was the foreclosure proceeding; (2) he had no contingent or liquidated claims of any kind; (3) the amount due on his mortgage was a secured claim held by Chase Manhattan Mortgage; and (4) he intended to retain the property and reaffirm the debt to Chase Manhattan Mortgage.

---

[1] Although Armstrong contends that SMS assigned only the servicing rights to AmTrust, this factual dispute is immaterial to our disposition of this appeal.

The bankruptcy trustee moved to dismiss the case because Armstrong's disposable income was higher than Armstrong had estimated. The bankruptcy court granted the motion, which Armstrong did not oppose, and closed the case in August 2011. In December 2011, the state court dismissed Armstrong's action because he failed to serve necessary parties and because Chase Home Finance had withdrawn the foreclosure proceeding several months earlier.

JPMorgan Chase then initiated a foreclosure proceeding and filed a Colo. R. Civ. P. 120 motion in Colorado state court, seeking authorization for the public trustee to sell the encumbered property. Concluding that JPMorgan Chase did not meet its burden to prove it held an enforceable note, the state court denied the Rule 120 motion. More specifically, the court found that JPMorgan Chase did not provide any competent evidence to show the authenticity and authority of a signature on the allonge to the note purportedly assigning SMS's interest, and held that the allonge was not sufficiently affixed to the note to qualify as an endorsement under Colorado law.

Armstrong then filed the present action in state court, seeking a declaration that JPMorgan Chase had no interest in the note and could not maintain any claim against the secured property. He also sought to quiet title to the property. JPMorgan Chase removed the case to federal court and moved to dismiss. The district court granted JPMorgan Chase's motion on alternative grounds. First, it held that Armstrong lost the right to enforce his claims by failing to disclose them in his bankruptcy proceeding. Second, the court concluded that the judicial-admission

3

doctrine barred Armstrong from seeking a declaration against JPMorgan Chase based on Armstrong's sworn statements in the bankruptcy case that Chase Manhattan Mortgage was the undisputed secured creditor on the note.[2] The court also ruled that the quiet title claim failed because Armstrong did not allege any facts establishing he held superior title to the property. This appeal followed.

## II

"We review the district court's grant of a Rule 12(b)(6) motion de novo, accepting all well-pleaded allegations as true and viewing them in the light most favorable to the plaintiff." Lane v. Simon, 495 F.3d 1182, 1186 (10th Cir. 2007).

We reject Armstrong's argument that the district court improperly considered documents from his bankruptcy case without giving Armstrong an opportunity to present materials relevant to a summary judgment motion. A court may consider facts subject to judicial notice—including facts that are a matter of public record, such as documents filed in other litigation—without converting a motion to dismiss into a motion for summary judgment. Pace v. Swerdlow, 519 F.3d 1067, 1072-73 (10th Cir. 2008).

We also reject Armstrong's contention that the district court's order contravened the Rooker-Feldman doctrine. The Rooker-Feldman doctrine bars lower federal courts from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

---

[2] Armstrong has not taken issue with the district court's finding that Chase Manhattan Mortgage is a subsidiary of JPMorgan Chase.

4

proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). But the state court's denial of the Rule 120 motion was not a judgment that falls within the Rooker-Feldman doctrine. See Colo. R. Civ. P. 120(d) ("Neither the granting nor the denial of a motion under this Rule shall constitute an appealable order or judgment."); Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller), 666 F.3d 1255, 1262 (10th Cir. 2012) (holding that "no final judgment is entered in Rule 120 proceedings" and rejecting notion that Rooker-Feldman applied). Armstrong's argument conflates Rooker-Feldman with preclusion law. See Lance v. Dennis, 546 U.S. 459, 466 (2006) (explaining that Rooker-Feldman is not simply issue preclusion). And a Rule 120 decision has no preclusive effect. See Colo. R. Civ. P. 120(d) ("The granting of any [Rule 120] motion shall be without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction, and the denial of any such motion shall be without prejudice to any right or remedy of the moving party."); Miller, 666 F.3d at 1262 (holding that "the rulings of the court in [Rule 120] proceedings do not have preclusive effect").[3]

---

[3] Because the Rule 120 decision lacked preclusive value under Colorado law, the district court's decision in this case did not, as Armstrong maintains, contravene Colorado law or the state court's finding that JPMorgan Chase failed to meet its burden to show it held an enforceable note under Colorado law. Nor was the district court required to afford full faith and credit to the Rule 120 ruling under 28 U.S.C. § 1738. See Nichols v. Bd. of Cty. Comm'rs, 506 F.3d 962, 967 (10th Cir. 2007) (explaining that § 1738 requires federal courts to give a state court ruling only the preclusive effect it has under the law of the state where it was rendered).

Turning to the merits, we need not parse Armstrong's arguments on each of the district court's alternative rulings because we affirm its conclusions as to the judicial-admission doctrine. "A judicial admission is a formal, deliberate declaration which a party or his attorney makes in a judicial proceeding for the purpose of dispensing with proof of formal matters or of facts about which there is no real dispute." Kempter v. Hurd, 713 P.2d 1274, 1279 (Colo. 1986). If unequivocal, "[j]udicial admissions are binding on the party who makes them, are evidence against such party, and may furnish the basis for a verdict." Salazar v. Am. Sterilizer Co., 5 P.3d 357, 365 (Colo. Ct. App. 2000). Armstrong's only argument that the court erred in this respect is that relying on his admissions in the bankruptcy case overlooks the state court's decision in the Rule 120 proceeding. But as we have just explained, that decision was made without prejudice to the parties and lacks preclusive effect.[4]

---

[4] Under Colorado law, the judicial-admission doctrine applies only to factual matters. People v. McKimmy, 338 P.3d 333, 338 (Colo. 2014). Armstrong has not presented any argument that his bankruptcy admissions concerned anything other than factual matters. Nor has he argued the district court erred in using his bankruptcy admissions in this case. Accordingly, he has forfeited appellate review of those issues. See Bronson v. Swensen, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue.").

## III

The judgment of the district court is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge