FILED
United States Court of Appeals
Tenth Circuit

August 3, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LESLIE BROWN, JR.,

     Plaintiff - Appellant,

v.

CARLOS CHAPPELLE,

     Defendant - Appellee.

No. 15-5117
(D.C. No. 4:14-CV-00757-GKF-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.[**]
_____

     Plaintiff Leslie Brown, Jr. is a party to a civil action pending in Oklahoma state court. The initial state-court judge assigned to his case recused. Afterward, Defendant Carlos Chappelle—at the time the Presiding Judge of the county in which Plaintiff brought his state case—reassigned Plaintiff's case to a new state-court judge. Plaintiff now contends that Defendant lacked the authority to reassign his case

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

because Defendant was "disqualified by law from participating in any case which Plaintiff might be involved in because of a previous disqualification by [Defendant] in civil cases involving Plaintiff." He further laments that (1) Defendant transferred the case to the new state-court judge "knowing that at the time said case was assigned to [the new judge] there were disqualification proceedings pending against [the new judge] in another civil case involving Plaintiff," and (2) Defendant "refused . . . to conduct a hearing on" Plaintiff's motion to vacate the transfer of his case to the new judge. Plaintiff consequently brings claims under 42 U.S.C. § 1983 against Defendant in his individual capacity for "[d]enial of due process of law and access to the courts" and "[c]onspiracy to violate civil rights." He seeks $250,000 worth of damages and "any appropriate injunctive and declaratory relief . . . necessary to prevent undue and improper harassment and retaliation against Plaintiff for the filing of this lawsuit."

Pursuant to Defendant's motion, the district court dismissed Plaintiff's complaint.[1] In a thorough written order, the district court first determined that

---

[1] At first glance, Plaintiff's claims could plausibly be seen as jurisdictionally barred under the *Rooker–Feldman* doctrine. Although the district court did not address this doctrine or otherwise consider its jurisdiction to hear Plaintiff's claims, we address *Rooker–Feldman*'s applicability to this case to clarify why this doctrine did not prevent the district court from exercising subject matter jurisdiction.

Put simply, the *Rooker–Feldman* doctrine "is a jurisdictional prohibition on lower federal courts exercising appellate jurisdiction over state-court judgments." *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012). The Supreme Court has held that this doctrine is narrow: "The *Rooker–Feldman* doctrine . . . is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The astute reader may think

Defendant enjoyed absolute judicial immunity from damages because his reassignment of the case was a "general function[] normally performed by a judge, and thus performed in his judicial capacity." *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980) ("[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." (internal quotation marks omitted)). Further, Defendant had passed away while his motion to dismiss

_____

that *Rooker–Feldman* should apply in this case: Plaintiff is asserting that he was injured by a state-court order—the transfer of his action to another judge—that occurred before the federal district court proceedings commenced. And because he is asking a federal court to determine whether Defendant violated his rights when he ordered the transfer, he is conceivably asking for federal court review and rejection of that transfer.

But the Supreme Court has also explained that the *Rooker–Feldman* doctrine applies only "after the state proceedings [have] *ended*." *Id.* at 291 (emphasis added); *see also Guttman v. Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006) ("Under *Exxon Mobil*, *Rooker–Feldman* applies only to suits filed after state proceedings are final.") Notably, the state proceedings have *not* ended when (1) the state court issues only an interlocutory order (as opposed to a judgment) and (2) the state-court litigation is still ongoing when a party challenges that interlocutory order in federal court. *Cf. Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico,* 410 F.3d 17, 24 n.10 (1st Cir. 2005) (holding that the state proceedings *have* ended for *Rooker–Feldman* purposes when (1) "the lower state court does not issue a *judgment* but merely an interlocutory order . . . and [(2)] the parties then voluntarily terminate the litigation" before challenging the interlocutory order in federal court (emphasis in original)); *see also Guttman*, 446 F.3d at 1032 n.2 (citing *Federacion de Maestros* with approval regarding its treatment of when state proceedings have ended for *Rooker–Feldman* purposes). This is exactly the situation here: the transfer order was a non-appealable, administrative interlocutory order, and Plaintiff challenged this order while his state-court litigation was still pending. *See Pierce v. Pierce*, 39 P.3d 791, 796 (Okla. 2001) (holding that parties wishing to appeal transfer orders can only "preserve [that] issue for review *on appeal from the subsequent judgment*" (emphasis added)). As such, *Rooker–Feldman* does not apply as a jurisdictional bar. *Cf. Armstrong v. JPMorgan Chase Bank Nat'l Ass'n*, 633 F. App'x 909, 911 (10th Cir. 2015) (unpublished) (holding that a state court's non-appealable interlocutory order denying a party's motion under Colorado Rule of Civil Procedure 120 "was not a judgment that falls within the *Rooker–Feldman* doctrine").

3

was pending in the district court. The district court accordingly determined that "neither a declaratory judgment nor injunctive relief would serve any purpose in this case because the claims for injunctive and/or declaratory relief are made against [Defendant] in his individual capacity when no future conduct can be anticipated from him." As such, the district court concluded that any declaratory and injunctive relief was moot.

Plaintiff moved for the district court to reconsider the dismissal of his complaint, but the district court denied this motion. According to the district court, Plaintiff's "arguments [did] not warrant reconsideration of the court's prior order." Following his motion for reconsideration, Plaintiff also filed a motion to substitute the late Defendant with the "proper party" (presumably Defendant's estate, although Plaintiff did not indicate in his motion who the "proper party" was). But because the district court had already denied Plaintiff's motion for reconsideration and therefore extinguished all of Plaintiff's claims, the district court denied the motion to substitute as moot. Plaintiff now timely appeals.

We need not belabor the point. We have carefully reviewed both parties' briefs and the appellate record in view of the applicable law and the appropriate standard of review. The district court's analysis of Plaintiff's claims in the first instance was correct. As the district court ably explained, Defendant is absolutely immune from damages under § 1983 because his transfer of Plaintiff's state-court case to another judge was an action performed in his judicial capacity. *Dennis*, 449 U.S. at 27. And while a judge can indeed lose this immunity when he engages in

4

judicial conduct "taken in the complete absence of all jurisdiction," *Mireles v. Waco*, 502 U.S. 9, 12 (1991), there is no indication that Defendant acted in the absence of jurisdiction in transferring Plaintiff's case to another judge, *see Smith v. Bogart*, 107 P.2d 173, 174 (Okla. 1940) ("The disqualification of a judge to hear and determine a cause does not prevent him from entering such orders as are merely formal and necessary to bring the suit to a hearing and determination before a qualified judge." (internal quotation marks omitted)). Likewise, given that Defendant passed away after Plaintiff filed his complaint, Plaintiff's request for injunctive and declaratory relief against Defendant in his individual capacity is moot because Defendant is no longer able to act. The district court thus properly dismissed all of Plaintiff's claims. And of course, if no claims remain, the district court also correctly concluded that Plaintiff's belated motion to substitute a new party for Defendant is moot. "Where the district court accurately analyzes the issues in a case and articulates a cogent rationale based upon the relevant facts and applicable law, no useful purpose is served by us writing at length. This is such a case." *Lovern v. Dorscheid*, 576 F. App'x 869, 870 (10th Cir. 2014) (unpublished) (internal quotation marks omitted).

In conclusion, we affirm substantially for the reasons set forth in the district court's written orders at issue in this appeal. Defendant's Motion for Summary Disposition is denied as moot.

AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge