FILED
United States Court of Appeals
Tenth Circuit

February 22, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES DAVID THORNBRUGH,

    Defendant - Appellant.

No. 18-5083
(D.C. No. 4:89-CR-00067-CVE-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

In 1989, a federal indictment charged Defendant James David Thornbrugh with

multiple armed bank robberies. A jury convicted him on all counts. The district court

sentenced Defendant to 610 months' imprisonment and ordered Defendant to pay

restitution totaling $18,399. The court ordered, "[r]estitution shall be paid in full

immediately. Any amount not paid immediately shall be paid while in custody through

the Bureau of Prisons' Inmate Financial Responsibility Program while incarcerated in

an amount that equals 50% of his earnings." This Court affirmed Defendant's

sentence. *United States v. Thornbrugh*, 52 F.3d 339 (10th Cir. 1995) (unpublished

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

table decision). Given Defendant's inability to immediately pay restitution in full, Defendant made periodic payments toward his restitution obligation pursuant to the court's order.

In 2017, the Government learned Defendant had accumulated $3,172.78 in his inmate trust account. The Government filed a motion to authorize the Bureau of Prisons to turn over all funds Defendant held in that account to the Clerk of Court in partial satisfaction of his restitution debt. After the Government refiled its motion to include additional information concerning Defendant's remaining $8,534.40 restitution obligation and Defendant's $3,172.78 balance in his inmate trust account, Defendant filed his objections to the motion. Defendant argued that so long as he complied with the restitution payment schedule, the Court had no authority to order restitution payment in excess of the payment schedule. Defendant also argued it would violate the ex post facto clause of the United States Constitution to enforce the Mandatory Victims Restitution Act (MVRA) against Defendant because the MVRA—a statute passed in 1996—did not exist when the district court sentenced him.

The district court granted the Government's motion, authorizing the Bureau of Prisons to turn over the funds exceeding a balance of $100 in Defendant's inmate trust account to the Clerk of Court. The court explained the MVRA requires a defendant convicted of a crime of violence to make restitution to the victim of the offense and bank robbery is a crime of violence. Doc. 182 at 3 (citing 18 U.S.C. § 3663A(c)(A)(i); *United States v. McCranie*, 889 F.3d 677 (10th Cir. 2018)). "The sentencing judge shall order restitution for the full amount of a victim's loss, regardless of the

2

defendant's ability to pay, but the payments may be made pursuant to a payment schedule if the defendant is unable to make a lump sum payment." *Id.* at 3 (citing *United States v. Wilson*, 416 F.3d 1164, 1170 (10th Cir. 2005)). The court continued, "an incarcerated person with an outstanding obligation to pay restitution may be ordered to make an additional payment if he 'receives substantial resources from any source.'" *Id*. at 3 (quoting 18 U.S.C. § 3664(n)). Given Defendant received substantial resources and his judgment required him to pay restitution "in full immediately," the court authorized the Bureau of Prisons to turn over most of the funds in Defendant's inmate trust account to pay his restitution obligation. The court also rejected Defendant's ex post facto argument, explaining this Court found "restitution is not punitive in nature and an order to pay restitution cannot be challenged under the Ex Post Facto Clause of the United States Constitution." *Id.* at 4 (citing *United States v. Serawop*, 505 F.3d 1112, 1123 (10th Cir. 2007)).

On appeal, Defendant argues the district court erred when (1) it concluded that § 3664 applied even though he did not default on his payment schedule set forth in his judgment, and (2) it failed to recognize that an order of restitution may be challenged as an ex post facto application of a statute when it is ordered as part of a criminal sentence.

We need not belabor the point. We have carefully reviewed both the parties' briefs and the appellate record in view of the applicable law including the appropriate standard of review. Suffice to say the district court's analysis and resolution in the first instance of Defendant's claims were correct. As the court ably explained, "any person obligated to

3

pay restitution may be ordered to make additional payments if he receives 'substantial resources from any source.'" *Id.* (quoting 18 U.S.C. § 3664(n)). Additionally, we have repeatedly stated a sentence of restitution is not criminal punishment; therefore, applying the MVRA to crimes committed before the MVRA's passage does not implicate the ex post facto clause. *See, e.g.*, *Serawop*, 505 F.3d at 1123 (citing *United States v. Nichols*, 169 F.3d 1255, 1280 (10th Cir. 1999)). "Where the district court accurately analyzes the issues in a case and articulates a cogent rationale based upon the relevant facts and applicable law, no useful purpose is served by us writing at length. This is such a case." *Lovern v. Dorscheid*, 576 F. App'x 869, 870 (10th Cir. 2014) (unpublished).

Accordingly, we affirm the district court substantially for the reasons as provided in its Opinion and Order. Doc. 182.

AFFIRMED.[1]

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[1] Defendant filed a Motion to Supplement the Record on Appeal arguing the restitution order contradicts the court's verbal pronouncement of sentence. We GRANT the motion to supplement the record with Defendant's sentencing transcript. After reviewing both the restitution order and sentencing transcript, we find no contradiction between the two documents.